# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| **JACK D. STOVALL, III and wife**<br>**LISA D. STOVALL** | **PLAINTIFFS** |
| **V.** | **CASE NO. 2:04CV66** |
| **TRACY P. HOUSTON and**<br>**CAROLYN S. HOUSTON** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the Court on cross-motions for summary judgement [33-1; 31-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Jack and Lisa Stovall, married residents of Olive Branch, Mississippi. The defendants are Tracy Houston, an adult resident of Collierville, Tennessee, and his mother Carolyn Houston, also a resident of Collierville, Tennessee. On or about April 23, 2002, Jack Stovall was driving south on Pleasant Hill Road in Olive Branch, Mississippi, with Lisa riding as a passenger, when Jack stopped at a red light at the intersection with Goodman Road. An on-duty Desoto County Sheriff's deputy named Tony Mack Smith, Jr. was behind Jack with one vehicle between them. After the traffic light turned green, Stovall proceeded into the intersection to turn east onto Goodman Road, at which point he was struck by a vehicle traveling through the intersection in an easterly directly. The driver of the vehicle was Tracy Houston, who was seventeen at the time. The vehicle was Tracy's personal vehicle, but the title was held by his mother, Carolyn Houston, and both of Tracy's parents paid the insurance.

Jack claims that the light in his direction was green when he entered the intersection, and that assertion is supported by the testimony of Deputy Smith. Tracy claims that the light was also green

in his direction, although there is some controversy over how far away he was at the last time he observed the light. Deputy Smith observed the traffic light for approximately 45 minutes after the accident and did not observe any obvious defect in its functioning. Smith subsequently wrote in his official accident report that the accident was caused by Tracy running the red light for eastbound traffic.

The Stovalls filed this action in the Desoto County Circuit Court alleging a negligence claim against Tracy Houston and a negligent entrustment claim against Carolyn Houston. The complaint seeks $1,500,000.00 in damages for the injuries suffered by Jack Stovall and $600,000.00 in damages for the injuries suffered by Lisa Stovall.[1] The defendants timely removed the case to federal Court and have since filed the instant motion for summary judgment, arguing (1) that Tracy Houston claims the light in his direction was green and that no witness exists who can contradict his testimony, and (2) that there is insufficient evidence of past conduct on the part of Tracy Houston that was so reckless as to put Carolyn Houston on notice that an accident of this type might occur if she entrusted him with her vehicle. The plaintiffs have also moved for partial summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

---

[1] While the proper amount of damages is quite obviously a jury question, the Court recognizes that the defendants consider the relief sought to be excessive. In fact, the Court has been made specifically aware of the defendants' feelings by their inclusion of a copy of the complaint attached to the instant motion in which the prayer for $1.5 million is accompanied by a handwritten note that states: "Ha! Ha!"
The Court gives the defendants the benefit of the doubt and presumes that this handwritten note was not deliberately attached to a court filing. The Court hopes that the defendants will consider this an object lesson as to why one should carefully review all court filings before submitting them to the Court's Case Management/Electronic Case Filing system where they will be preserved on the Internet in perpetuity.

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

With regard to the claims against Tracy Houston, the question of whether the light in Tracy's direction was red or green is quite obviously a disputed issue of fact and indeed the central jury issue in this case. The Court recognizes that there appear to be no witnesses other than Tracy who observed the traffic light from his vantage point (i.e. from the point of someone traveling east on Goodman Road). However, the Court also takes judicial notice of the fact that when a traffic stop is green for vehicles traveling in the south-bound lane, the light is generally red for those traveling in the east-bound lane unless the light is somehow defective, an issue that has not been raised here. In light of this fact, which is well-known to every high school student who has had Driver's Ed., the Court finds that Tracy's argument for summary judgment is disingenuous and borders on frivolous. Summary judgment is denied as to this issue.

The plaintiffs' motion for summary judgment as to liability against Tracy Houston is also denied. While their argument is somewhat stronger than that offered by the defendants, the color of the traffic light is ultimately a disputed issue of fact to be decided by a jury, and where it is

3

disputed, no quantity of witnesses for one side or the other will change that at the summary judgment stage.

Turning to the claim against Carolyn Houston, Mississippi subscribes to the negligent entrustment theory set out in the Restatement (Second) of Torts. <u>Sligh v. First Nat'l Bank of Holmes County</u>, 735 So.2d 963, 969 (Miss. 1999). The Restatement defines negligent entrustment as follows:

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390 (1965). The elements of negligent entrustment may thus be summed up as follows: (1) the defendant must supply the chattel, (2) she must known or have reason to know that the person to whom she supplies the chattel is likely to use the chattel in a manner involving an unreasonable risk of physical harm to other persons, and (3) she must have reason to expect that those other persons may be endangered by the person to whom she has entrusted the chattel. <u>Sligh</u>, 735 So.3d at 973.

The defendants do not challenge the assertion that Carolyn Houston was the owner of the vehicle and that she supplied it to Tracy, at least for the purposes of this motion. The defendants instead argue that Carolyn Houston had no reason to know that Tracy Houston was likely to use her car in a manner involving an unreasonable risk to other persons or that other persons might actually be endangered by his use of her car. Carolyn was aware of the fact that her son had received two speeding tickets and had been in one previous wreck, but the defendants argue that these factors alone were insufficient to put her on notice of the possibility that letting him use the car might

4

present an unreasonable risk of danger to others. The Court is of the opinion that the issues of what Carolyn Houston knew of her son's driving ability and whether she should have considered him an unreasonable risk are questions for the jury. Accordingly, summary judgment is denied.

The defendants also seek a ruling that the family purpose doctrine is not applicable to this case. The family purpose doctrine is a common law doctrine which holds that the head of a household can be held liable for the negligent actions of any member of the family while using a family vehicle. Smith v. Dauber, 125 So.2d 102 (Miss. 1929). While Mississippi courts have consistently rejected the family purpose doctrine for well over seventy-five years, Tennessee common law does subscribe to it. *Compare* Warren ex rel. Warren v. Glascoe, 852 So.3d 634, 638 (Miss. App. 2003) *with* Bronson v. Umphries, 138 S.W.3d 844, 862 (Tenn. Ct. App. 2003). Under Tennessee law, the family purpose doctrine has two elements: (1) the head of the household must maintain an automobile for the purpose of providing pleasure or comfort for his or her family, and (2) the family purpose driver must have been using the motor vehicle at the time of the injury in furtherance of some purpose of the owner. Bronson, 138 S.W.3d at 862 (citations omitted).

The Court agrees with the defendants that the family purpose doctrine has no bearing on this case. First, the Court perceives no basis under Mississippi's conflict of laws provisions for applying this provision of Tennessee common law, or indeed any Tennessee common law, to a traffic accident which happened in Mississippi and which injured a Mississippi resident. Second, even if the family purpose doctrine was legally applicable, there is no evidence before the Court that Carolyn Houston should be considered the head of the household within the meaning of Tennessee's application of the doctrine, nor is there any evidence that Tracy was using the vehicle in furtherance of some purpose of the family at the time of the accident.

5

In light of the foregoing analysis, it is hereby ORDERED:

1. that the defendants' motion for summary judgment is GRANTED as to any claims which invoke the family purpose doctrine;

2. that the defendants' motion for summary judgment is otherwise DENIED; and

3. that the plaintiffs' motion for partial summary judgment is DENIED.

This is the 5th day of May, 2005.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**